MUELLER ET AL., APPELLANTS, *v.*
STORER COMMUNICATIONS, INC.
ET AL., APPELLEES. ▌

(No. 54395—Decided April 11, 1988.)

*Jerome L. Bentoff* and *Larry S. Klein,* for appellants.

*Walter, Haverfield, Buescher & Chockley, F. Wilson Chockley, Jr., Michael T. McMenamin* and *Frederick W. Whatley,* for appellees.

*Per Curiam.* Plaintiffs-appellants filed suit on January 28, 1985 against Storer Communications, Inc., and other named parties, claiming that a story aired by WJW-TV8 was libelous. The television news story at issue exposed allegations of "double dipping" by police officers employed by the city of Shaker Heights, Ohio. The story alleged that the officers were being paid for private security work during on-duty hours for Shaker Heights.

On August 18, 1987, the trial court granted summary judgment in favor of the defendants-appellees. The appellants now bring this appeal claiming two assignments of error:

"I. The trial court erred in holding that appellant was a 'public official' in this action."

"II. The trial court erred in holding that appellee's actions did not rise to the level of 'actual malice.' "

With these assignments of error, the appellants essentially claim that the trial court erred in granting summary judgment in favor of the defendants-appellees due to the claimed survival of genuine issues of material fact as to (1) whether the appellants are "public officials," and (2) whether the appellees' claimed libelous actions rose to the level of "actual malice." We find no such error.

As to the appellants' first assignment of error, we find that the appellants have demonstrated no issue of material fact as to whether the appellants are "public officials" for purposes of this libel action.

The appellants argue that the appellants, as police officers, are not public officials subject to the press-protective requirements for libel claims set forth in *New York Times Co.* v. *Sullivan* (1964), 376 U.S. 254. The appellants further argue that even if police officers may be deemed public officials in libel actions, appellant Jim Mueller's libel claim must be considered as that of a private citizen since at the time the challenged broadcast aired he had been retired from the police force for nearly a year. We

disagree with the merits of both arguments.

In *New York Times Co., supra,* the Supreme Court held that public officials could not recover for libel absent proof by clear and convincing evidence that the libelous action was taken with actual malice. The Ohio Supreme Court adopted a similar standard in *Dupler* v. *Mansfield Journal Co.* (1980), 64 Ohio St. 2d 116, 18 O.O. 3d 354, 413 N.E. 2d 1187. The determination as to whether an individual plaintiff is a public official must be made by the trial judge. *Rosenblatt* v. *Baer* (1966), 383 U.S. 75.

In *Rosenblatt,* the court provided guidance to aid trial courts in determining whether an individual is a public official under the *New York Times* standard. The court stated, at 85:

"* * * It is clear, therefore, that the 'public official' designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs."

In a case brought to the attention of this court by the appellants themselves, the Illinois Supreme Court expressly determined that police officers acting within the scope of their official capacity are public officials. *Coursey* v. *Greater Niles Twp. Publishing Corp.* (1968), 40 Ill. 2d 257, 239 N.E. 2d 837. The court reasoned:

"* * * The abuse of a patrolman's office can have great potentiality for social harm; hence, public discussion and public criticism directed towards the performance of that office cannot constitutionally be inhibited by threat of prosecution under State libel laws." *Id.* at 265, 239 N.E. 2d at 841.

In view of the standard set forth in *Rosenblatt* and the persuasive reasoning of the Illinois Supreme Court in *Coursey,* we find that police officers acting within the scope of their official capacities are "public officials" under Ohio's libel law and under the standards set forth in *New York Times Co.* v. *Sullivan, supra.* As such, police officers enjoy only limited protection from public discussion and criticism directed toward their performance as public officials.

Furthermore, we find the retirement of appellant Jim Mueller prior to the broadcast at issue to be of no consequence in this case. The Ohio Supreme Court has stated:

"[U]nder Ohio's Constitution * * * the subsequent retirement of an individual does not diminish his or her status with respect to the discussion and debate of issues related to a prior status or position." *Scott* v. *News-Herald* (1986), 25 Ohio St. 3d 243, 247, 25 OBR 302, 305, 496 N.E. 2d 699, 703, fn. 2.

Accordingly, we find that the appellant has failed to establish an issue of material fact as to the "public official" status of the appellant police officer. Therefore, we overrule the appellants' first assignment of error.

Likewise, we find no merit to the appellants' second assignment of error claiming that the trial court erred in failing to find an established issue of fact as to actual malice in the appellees' actions.

The Supreme Court requires that public-official plaintiffs must prove actual malice with clear and convincing evidence before a state court can find libel in an action brought against critics of official conduct. *New York Times Co., supra,* at 279-280. Furthermore, for a court to find that a statement was made with "actual malice," the court must find that the statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 280.

On a defendant's motion for summary judgment in a libel action brought by a public official, the function of the trial court is to determine whether the plaintiff has demonstrated a genuine issue of material fact from which a jury, using the appropriate clear and convincing standard of proof, could find actual malice. *Anderson* v. *Liberty Lobby, Inc.* (1986), 477 U.S. 242; see, also, *Bukky* v. *Painesville Tel. & Lake Geauga Printing Co.* (1981), 68 Ohio St. 2d 45, 22 O.O. 3d 183, 428 N.E. 2d 405. A genuine issue of fact is established where a public official plaintiff to a libel action presents affirmative evidence from which a jury might return a verdict in his favor. *Anderson, supra,* at 254. On appeal, the reviewing court must exercise its independent judgment in deciding whether the evidence of record meets these tests. *Perez* v. *Scripps-Howard Broadcasting Co.* (1988), 35 Ohio St. 3d 215, 218, 520 N.E. 2d 198, 202 (citing *Bose Corp.* v. *Consumers Union of United States, Inc.* [1984], 466 U.S. 485).

In *Perez,* paragraph two of the syllabus holds:

"In a public-official defamation case, summary judgment is properly granted for the defendant where no genuine issue of fact exists on the question of whether the publication was made with a high degree of awareness of its falsity."

In the record before us in the instant case, we find that the appellants have failed to effectively demonstrate an issue of material fact as to the existence of actual malice. The appellants have not demonstrated that the appellees knowingly and recklessly broadcast untruths which defamed the appellants. The appellants have likewise failed to establish an issue of fact as to whether the appellees released their broadcast with a high degree of awareness of its falseness.

See *Perez, supra,* 35 Ohio St. 3d at 221, 520 N.E. 2d at 204.

Appellee Carl Monday is the reporter employee of Storer Communications, Inc. who prepared the report that is the subject of this lawsuit. In his affidavit, Monday attested to (1) his belief at the time of publication that his story was true; (2) his present belief that the story is true; and (3) his factually detailed, and notably uncontroverted, reasons for these beliefs. The appellants, as public officials, have failed to effectively rebut the appellees' evidence with appropriate documentary evidence that concretely establishes that publication was made by the appellees with "a high degree of awareness of its falsity." *Id.* We thereby find that the appellants have failed to establish an issue of material fact as to "actual malice."

Accordingly, under the authority of *Perez, supra,* we affirm the trial court's granting of summary judgment in favor of the appellees.

*Judgment affirmed.*

NAHRA, CORRIGAN and MATIA, JJ., concur.